UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO THOMAS,

    Plaintiff,

v.

    CASE NO. 2:20-CV-13042
    HONORABLE VICTORIA A. ROBERTS

BRYAN ENRICI,

    Defendant.
_____/

## ORDER DIRECTING PLAINTIFF TO SERVE THE COMPLAINT

Plaintiff DeAngelo Thomas is a state prisoner in the custody of the Michigan Department of Corrections. On November 3, 2020, Plaintiff filed a *pro se* civil rights complaint against Defendant Enrici, alleging Enrici violated Plaintiff's First Amendment rights by issuing him a misconduct ticket in retaliation for Plaintiff's defense against an earlier ticket. (*See* Compl., ECF No. 1, PageID.2-3.) Plaintiff did not initially pay the filing fee or file an application to proceed *in forma pauperis* when he filed his complaint, and he was ordered to correct the deficiency. (ECF No. 4.) On January 27, 2021, Plaintiff paid the filing and administrative fee for this case. (*See* unnumbered Docket event dated Jan. 27, 2021.) Accordingly, Plaintiff does not have *in forma pauperis* status.

Plaintiff filed a motion to exclude this case from the Pro Se Prisoner Early Mediation Program (ECF No. 6), which was granted on June 23, 2021, as the program is a voluntary one. (ECF No. 7.) Because Plaintiff's case is now proceeding conventionally, and because the filing fee has been paid in full, Plaintiff is responsible for serving the

complaint and a summons on each defendant. Fed. R. Civ. P. 4(c)(1).[1] The Court is not required to order the United States Marshal to serve the complaint, because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3); E.D. Mich. L.R. 4.1(b).

To facilitate service, Plaintiff must complete a summons for the defendant and submit the completed summons to the Clerk of this Court. *See* E.D. Mich. L.R. 4.1(a) ("A party requesting the issuance of any process or who initiates a proceeding in which the issuance of process is required by statute, rule, or order must prepare all required forms. Where necessary, the party must present the process to the Clerk for signature and sealing."). Upon receipt of the completed summons, the Clerk of the Court will issue the it and return it to Plaintiff in order that he may serve the summons and a copy of his complaint on the defendant.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall mail Plaintiff a blank summons form with a copy of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall complete the summons form for the defendant and then mail it to the Clerk of this Court at 231 West Lafayette Blvd., Detroit, MI 48226.

**IT IS FURTHER ORDERED** that, upon receipt of the completed summons, the Clerk of Court shall issue the summons and return it to Plaintiff.

---

[1] Ordinarily, a plaintiff must serve his or her complaint within ninety days of the date that the complaint was filed. Fed. R. Civ. P. 4(c)(1), 4(m). If the plaintiff shows good cause for his or her failure to serve the complaint within ninety days, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Here, good cause is shown by Plaintiff's case being a candidate for the Pro Se Mediation program until he requested the stay be lifted and the case returned to the Court's docket. (ECF No. 6.)

**IT IS FURTHER ORDERED** that Plaintiff shall serve a signed and sealed summons and a copy of his complaint on the defendant. Because more than sixty days have already elapsed since the filing of the complaint, the Court **ORDERS** Plaintiff to serve the complaint on the defendants within **forty-five (45) days** of receipt of the signed and sealed summons from the Clerk of the Court.

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 7/13/2021