UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANGELO THOMAS,

    Plaintiff,

v.                                        Case No. 20-13042
                                           Honorable Victoria A. Roberts

BRYAN ENRICI,

    Defendant.
_____/

## ORDER: (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF. No. 13]

### I. Introduction

Deangelo Thomas ("Thomas") filed a civil rights action against Defendant, Bryan Enrici ("Enrici"), alleging he issued a retaliatory misconduct ticket against him.

In his motion for summary judgment, Enrici contends that Thomas failed to exhaust administrative remedies. Thomas did not respond to Enrici's motion. On the claim at issue, Enrici is correct; Thomas did fail to exhaust.

The Court **GRANTS** Defendant's motion for summary judgment.

1

## II. Background

When Thomas filed this action against Enrici, he was incarcerated at the Parnall Correctional Facility (SMT) in Jackson, Michigan.

On February 27, 2020, Enrici issued Thomas a class I ticket for sexual misconduct. The ticket arose out of a visitation where Thomas' wife grabbed his groin. Thomas alleges that this ticket was issued in retaliation for a previously issued ticket that Thomas prevailed on.

The misconduct hearing occurred on March 6, 2020. The hearing officer found Thomas not guilty of the charged sexual misconduct ticket on the grounds that Thomas immediately told his wife that she could not do that.

## III. Legal Standard

Under Federal Rule of Civil Procedure 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden to inform the Court of the basis for her motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies

her burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id.* at 324.  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the mere existence of a scintilla of evidence in support of the non-movant's position; the evidence must be such that a reasonable jury could find in its favor. *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court only needs to consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3).  The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

Although Thomas did not respond to Enrici's motion for summary judgment, the Court "must indeed intelligently and carefully review the legitimacy of such an unresponded-to motion." *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). "The district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 Fed.Appx. 672, 675 (6th Cir. 2013) (citing *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 Fed.Appx. 374, 380-81 (6th Cir. 2011)).

**IV. Analysis**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner cannot bring an action challenging his prison conditions unless he exhausts administrative remedies. 42 USC § 1997e(a). "This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought into court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Generally, inmates must exhaust through their

4

prison's comprehensive grievance process. The prison's process determines when and if a prisoner has properly exhausted his claim. *Id*. at 218.

In Michigan, the MDOC Policy Directive 03.02.130 sets forth the grievance process prisoners need to follow to seek redress for alleged violations of policy and procedure or unsatisfactory conditions of confinement. There are various steps in the process.

Before submitting a written grievance, the grievant must attempt to resolve any issue with the staff member involved within two business days of becoming aware of the grievable issue. If the issues are not resolved within five business days, the inmate may file a Step I grievance.

If the inmate is dissatisfied with the disposition of the grievance decision, or does not receive a response within ten business days after the due date, he may file a Step II grievance. Finally, the grievant may file a Step III grievance if he is dissatisfied with the Step II result. The grievance process is exhausted once the final response is issued in Step III.

This grievance process applies to prisoners challenging alleged policy violations. As discussed below, the process is different for those who challenge alleged retaliatory misconduct tickets.

### A. Claim 1 – **Retaliatory Misconduct Ticket**

District courts in Michigan recognize that decisions made in the prison hearings division are non-grievable. *Siggers v. Campbell*, 652 F.3d 681, 693-694(6th Cir. 2011). Instead, prisoners must exhaust and challenge misconduct tickets through a hearing, a rehearing or an appeal of the decision made at the hearing. *Id.*; *see also* MDOC P.D. 03.02.130 (J)(9). Allegations that the misconduct ticket was issued in retaliation against the prisoner must be raised at the misconduct hearing. *Id.*; *see also Parker v. Gainer*, 2018 WL 1578388 at *2 (W.D. Mich. Apr. 2, 2018). If the inmate does not say at the hearing that the issuance of the ticket was retaliatory, any avenue to challenge the misconduct ticket is foreclosed and the inmate has failed to exhaust administrative remedies. *Siggers*, 652 F.3d at 693.

Enrici's motion for summary judgment says Thomas did not allege during the misconduct hearing on March 6, 2020, that the issuance of the ticket was retaliatory. The motion included the hearing report which contains Thomas' statements made during the hearing. The report does not mention any statements by Thomas that the ticket was retaliatory. He was required to make such an allegation to effectively exhaust administrative remedies.

6

The Court may rely on the facts presented by the movant in evaluating an unopposed motion for summary judgment. *Cacevic v. City of Hazel Park,* 226 F.3d 483, 492 (6th Cir. 2000) (citing *Guarino*, 980 F.2d 339 at 404-05). Furthermore, Local Rule 7.1(c)(1) requires a respondent opposing a motion to file a response. Based on a holistic view of the record, the Court finds that Enrici met his burden and there is no genuine dispute of material fact.

### V. Conclusion

The Court **GRANTS** Defendant's' motion for summary judgment.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: April 1, 2022